# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50091-4-II |
| Respondent, | |
| v. | |
| ALEXANDER JAMES HUCKINS, | PUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Alexander James Huckins appeals an order requiring him to pay $1,000 bail pending his trial for assault in the second degree. Huckins ultimately pled guilty to a reduced charge of felony harassment. Although Huckins does not seek reversal of his conviction, he contends that the trial court violated the pretrial release rule, CrR 3.2(d)(6), and his constitutional rights by ordering bail he could not afford without doing the analysis required by the rule. He also challenges several provisions of his sentence.

Despite its mootness, we address the issue of bail because it is of continuing and substantial public interest. We conclude that the trial court abused its discretion by failing to consider less restrictive conditions than monetary bail. We remand to the trial court to strike the portion of Huckins's sentence that was based on a statute that did not exist.

FACTS

I.  INCIDENT

On November 15, 2016, Huckins, while in his residence, threatened to stab his roommate. Huckins was upset because his Facebook account had been hacked, and he suspected his roommate of being involved. Police responded to the residence. They questioned Huckins and arrested him.

II.  BAIL HEARING

The State charged Huckins with assault in the second degree, a domestic violence allegation. Huckins first appeared in court the day after his arrest. An attorney who was present represented him at the hearing for the purpose of setting bail.

The State requested that the trial court set bail in the amount of $5,000. The State based its recommendation on Huckins's misdemeanor domestic violence conviction from the previous April and the current allegations of threatening a roommate with a knife. It also requested an order forbidding Huckins from contacting the victim and requiring him to stay at least 1,000 feet from his residence.

Huckins's attorney stated that he would be investigating a possible alibi defense and that he questioned the categorization of the case as domestic violence. He also pointed out that Huckins had complied with prior restraining orders against him.

Huckins stated that his only source of income was social security disability (SSD) for his mental disability. His defense attorney suggested that, under *Wakefield*,[1] the trial court had to consider that Huckins had no money to post bail. The State argued that it was not requesting bail out of concern for Huckins failing to appear, but based on his recent assault conviction and the nature of the allegations.

---

[1] *City of Richland v. Wakefield*, 186 Wn.2d 596, 380 P.3d 459 (2016).

The court ruled:

> [I]t's just the actual, the fact that he was convicted of a domestic violence assault last year and this year he's charged with another domestic violence assault, a more serious one, again, is the Court's concern, and I'm a little bit nervous about just releasing him because I don't really understand this whole thing and it did involve, allegedly, somebody being told that he was going to get stabbed in the gut with a knife that was pulled on him, which does not sound good to the Court. I think what I'm going to do is, I may change my mind on this but at this point I'm going to set a small amount of bail. I know it's less than the State is seeking but I'm going to set bail at $1,000.00. I think to Mr. Huckins that would be a lot of money and I might give some thought to the special report calendar, especially if I knew a little more about what Mr. Huckins was doing, if he's actively engaged in some sort of treatment or counseling and I guess I'm a little bit concerned about what his relationship is with this house and what he has there, if his possessions are there and that kind of thing and I don't need to know all that right today but it just seems like those are the kind of the issues.

Report of Proceedings (RP) at 13-14.

The court then entered an order setting conditions of release pending trial. It used a form with the preprinted language "THE COURT HAVING DETERMINED that release on personal recognizance will not reasonably assure his/her appearance, or there is a danger that Defendant will commit a violent crime or interfere with the administration of justice, IT IS ORDERED that:" Clerk's Papers (CP) at 48. The court then checked boxes that stated the following:

> 1. [X] Release is authorized upon posting of cash bail or execution of security bond in the amount of $1000. **Bail/bond is posted to guarantee compliance with all conditions of release herein and may be forfeited upon a violation of conditions and/or a failure to appear**
> . . . .
> 3. [X] Defendant shall maintain physical residence at: provide to court.
> 4. [X] Defendant's travel is restricted to: Western Washington.
> . . . .
> 6. [X] Defendant shall not contact/have any communication with: Alexander Evans.
> . . . .
> 8. [X] Defendant shall not possess any firearms or other deadly weapons.
> . . . .

3

10. [X] Defendant shall not use/possess any controlled substances except as prescribed by a physician.

11. [X] Defendant shall not commit any criminal violation of law.

12. [X] Defendant shall maintain contact with his/her attorney and appear in Court as directed.

CP at 48.

III.    PLEA AND SENTENCE

Huckins did not post bail and remained in custody. On January 3, 2017, Huckins pled guilty to the reduced charge of felony harassment and he received credit for time served of fifty-four days.

The trial court also sentenced Huckins to twelve months of community custody with conditions, including that he comply with the statutory requirements of RCW 9.94A.120(8)(b)(c)[2]. The court waived all discretionary and mandatory legal financial obligations because Huckins "has been on SSD all his life, has never worked, has only a $733 a month income from S.S.D., has no assets and has had mental health issues including PTSD and bi-polar disorder which precludes future employment." CP at 20.

The trial court observed that it was unsure whether it had the authority to waive Department of Corrections (DOC) supervision fees and stated that it would not do so. Huckins requested a stay of all financial obligations associated with community custody supervision and other costs associated with DOC and the court suggested that Huckins appeal because it did not believe it had the authority to waive them. The judgment and sentence did not impose DOC or community custody-related financial obligations.

Huckins appeals the trial court's bail order and his sentence.

---

[2] The legislature recodified this statute as RCW 9.94A.505, LAWS OF 2001.

ANALYSIS

I.    MOOTNESS

Huckins contends that we should consider his bail arguments on the merits despite their mootness. He contends that the bail rule and constitutional violations in this case raise questions of continuing and substantial public interest that are likely to arise again but evade review. We agree.

"A case is moot if a court can no longer provide effective relief." *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984).

We may retain and decide a moot appeal "if it involves matters of continuing and substantial public interest." *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). In determining whether a case presents issues of continuing and substantial public interest, we consider: "'[(1)] the public or private nature of the question presented, [(2)] the desirability of an authoritative determination for the future guidance of public officers, and [(3)] the likelihood of future recurrence of the question.'" *Hunley*, 175 Wn.2d at 907 (internal quotation marks omitted) (quoting *In re Pers. Restraint of Mattson*, 166 Wn.2d 730, 736, 214 P.3d 141 (2009)). We also evaluate the "'level of genuine adverseness and the quality of advocacy of the issues'" and "'the likelihood that the issue will escape review because the facts of the controversy are short-lived.'" *Westerman v. Cary*, 125 Wn.2d 277, 286-87, 892 P.2d 1067 (1994) (quoting *Hart v. Dep't of Soc. & Health Servs.*, 111 Wn.2d 445, 448, 759 P.2d 1206 (1988) and *Seattle v. State*, 100 Wn.2d 232, 250, 668 P.2d 1266 (1983) (Rosellini, J., dissenting)).

The issue in this case is of a public nature involving the setting of bail and concerning the interpretation of a court rule. The proper interpretation and application of the bail rule is relevant to all criminal cases and there is currently a dearth of cases on point. Deciding this issue would

provide useful guidance and assistance to all judges who have a duty to set release conditions for criminal defendants. The setting of release conditions is likely to recur. Additionally, given the time constraints inherent in criminal cases, the issue might otherwise evade appellate review.

The Supreme Court recently accepted review of a moot bail case because "the proper form of bail is a matter of continuing and substantial public interest, overcoming any claim of mootness."[3] *State v. Barton*, 181 Wn.2d 148, 152, 331 P.3d 50 (2014) (internal quotation marks omitted). The Supreme Court has also observed that "the issue of bail is one which will escape review because the facts of the controversy are short lived: an arrestee will be detained only pending a preliminary appearance." *Westerman*, 125 Wn.2d at 287.

The State contends that Huckins has an alternative remedy for violations of CrR 3.2 precluding the necessity of reviewing a moot issue. It argues that "the defendant may file a motion to reduce bail or for release on personal recognizance and the court's decision on that motion will be a final decision which is subject to discretionary review." Br. of Resp't at 6. However, the State does not suggest how this alternative method of obtaining appellate review implicates the factors we consider in determining whether bail presents an issue of continuing and substantial public interest. Nor does it address that the issue may evade appellate review given the time constraints inherent in criminal cases.

We review Huckins's arguments on the merits, because bail presents a matter of continuing and substantial public interest.

---

[3] This quote comes from the commissioner's ruling granting a motion to transfer the case to the Supreme Court. *Barton*, 181 Wn.2d at 152. However, the court kept the case and considered the bail issue on its merits. *Barton*, 181 Wn.2d at 152.

II.     BAIL

    A.     PRESUMPTION OF RELEASE ON PERSONAL RECOGNIZANCE

Huckins contends that the trial court failed to follow the presumption of release on personal recognizance as stated in CrR 3.2. He claims that the trial court did not make sufficient findings to overcome the presumption because it did not find that there was a "substantial danger" that Huckins would commit a violent crime. We disagree.

CrR 3.2(a) provides:

> Any person, other than a person charged with a capital offense, shall at the preliminary appearance . . . be ordered released on the accused's personal recognizance pending trial unless:
>     (1) the court determines that such recognizance will not reasonably assure the accused's appearance, when required, or
>     (2) there is shown a likely danger that the accused:
>         (a) will commit a violent crime, or
>         (b) will seek to intimidate witnesses, or otherwise unlawfully interfere with  the administration of justice.

The purpose of CrR 3.2 is to "alleviate the hardships associated with pretrial detentions and bail," including "(1) defendants are handicapped in preparing their defenses; (2) defendants are unable to retain jobs and support their families; (3) defendants suffer the stigma of incarceration before their convictions; and (4) defendants suffer incarceration because they cannot afford bail." *State v. Perrett*, 86 Wn. App. 312, 318, 936 P.2d 426 (1997).

"The determination of whether the defendant is likely to flee the state or pose a substantial danger to the community is a factual determination involving the exercise of sound discretion of the trial judge." *State v. Smith*, 84 Wn.2d 498, 505, 527 P.2d 674 (1974). "[W]e will not substitute our judgment for that of the trial judge when there is substantial evidence to support his findings." *Smith*, 84 Wn.2d at 505.

7

We review decisions affecting pretrial release for abuse of discretion. *State v. Chavez-Romero*, 170 Wn. App. 568, 577, 285 P.3d 195 (2012). A trial court abuses its discretion if its decision is "'manifestly unreasonable,'" meaning it falls outside the range of acceptable choices, its decision is "'based on untenable grounds,'" meaning its findings are unsupported by the record, or its decision is "'based on untenable reasons,'" meaning it applied an incorrect legal standard. *State v. Dye*, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013) (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).

The parties agree that the trial court had no evidence that Huckins was unlikely to appear on his own recognizance. They dispute whether the trial court found a likely danger that he would commit a violent crime and, if so, whether substantial evidence supported that finding.

CrR 3.2(a) additionally requires the trial court to "consider the relevant facts including, but not limited to, those in subsections (c) and (e) of this rule." CrR 3.2(e) contains relevant factors to "reasonably assure the accused's noninterference with the administration of justice, and reduce danger to others or the community."

CrR 3.2(e) lists the following factors for the trial court to consider:

> (1) The accused's criminal record;
> (2) The willingness of responsible members of the community to vouch for the accused's reliability and assist the accused in complying with conditions of release;
> (3) The nature of the charge;
> (4) The accused's reputation, character and mental condition;
> (5) The accused's past record of threats to victims or witnesses or interference with witnesses or the administration of justice;
> (6) Whether or not there is evidence of present threats or intimidation directed to witnesses;
> (7) The accused's past record of committing offenses while on pretrial release, probation or parole; and
> (8) The accused's past record of use of or threatened use of deadly weapons or firearms, especially to victims or witnesses.

8

The State presented evidence at the bail hearing that Huckins had threatened to stab his roommate with a knife and that he had previously been convicted for a domestic violence offense. The trial court stated on the record that it had concerns because Huckins had committed a prior domestic violence assault and that the current case presented a more serious one. The court stated that it was "nervous" about releasing Huckins because it didn't "really understand this whole thing" and said the allegations of threatening a roommate with a knife "[did] not sound good to the Court." RP at 13-14. The court considered Huckins's criminal record, the nature of the charge, and Huckins's threats to the victim.

The court then signed a written order finding that "release on personal recognizance will not reasonably assure his/her appearance, or there is a danger that Defendant will commit a violent crime or interfere with the administration of justice" and setting $1,000 bail. CP at 48. It based its decision on the nature of the charged crime and Huckins's recent domestic violence conviction. Based on this record, the trial court did not abuse its discretion by concluding there was a substantial danger that Huckins would commit a violent crime if released on his own recognizance.

B.      MONETARY BAIL

Huckins contends that the trial court erred by requiring $1,000 bail without making any findings that less restrictive conditions would assure the safety of the community. We agree.

If the court determines that there exists a "substantial danger" the accused will commit a violent crime or otherwise interfere with the administration of justice, CrR 3.2(d) provides a nonexclusive list of conditions it may impose. The list includes:

> Requir[ing] the accused to post a secured or unsecured bond or deposit cash in lieu thereof, conditioned on compliance with all conditions of release. This condition may be imposed *only if* no less restrictive condition or combination of conditions would reasonably assure the safety of the community. If the court determines under this section that the accused must post a secured or unsecured bond, the court shall consider, on the available information, the accused's financial resources for the

9

> purposes of setting a bond that will reasonably assure the safety of the community and prevent the defendant from intimidating witnesses or otherwise unlawfully interfering with the administration of justice.

CrR 3.2(d)(6)(emphasis added). The condition of monetary bail may only be imposed if no less restrictive condition or combination of conditions would reasonably assure the safety of the community.

Here, before setting bail at $1,000, the trial court did not make any effort to ascertain a less restrictive condition or combination of conditions that would reasonably assure the safety of the community, as required by CrR 3.2(d)(6). However, the court stated it was willing to reconsider its bail decision if Huckins was actively engaged in treatment or counseling.[4] It additionally restricted Huckins's travel and prohibited him from having contact with the victim, using or possessing any controlled substances, and violating any criminal law. The court did not make any oral or written finding that these or other conditions, without the $1,000 bail, would be insufficient to reasonably assure the safety of the community.

The court did not comply with the requirements of CrR 3.2(d)(6). Its offer to reconsider if Huckins was in treatment or counseling did not override CrR 3.2(d)(6)'s requirement that monetary bail only be ordered if no less restrictive condition or combination of conditions would

---

[4] *Butler v. Kato* reversed a trial court's pretrial order that the defendant engage in self-help group meetings and enroll in an alcohol treatment evaluation. 137 Wn. App. 515, 519-20, 154 P.3d 259 (2007). It held that these bail conditions violated the defendant's constitutional rights and the State had not shown a compelling governmental interest in imposing pretrial treatment as a condition of release. *Butler*, 137 Wn. App. at 528-29. In this case, the trial court did not order Huckins to participate in any treatment or counseling, but observed that it would reconsider its bail order if Huckins enrolled in treatment. We do not address whether the trial court's offer to revoke its monetary bail requirement on condition that Huckins engage in treatment or counseling violates *Butler*.

10

reasonably assure the safety of the community. Thus, the court abused its discretion by requiring monetary bail without considering less restrictive conditions as required by the law.[5]

IV.    SENTENCE

First, we consider Huckins's request that we strike the requirement that he comply with RCW 9.94A.120(8)(b)(c) on the basis that the statute does not exist. The State concedes this point. Because the statute does not exist, we strike this requirement of his judgment and sentence.

Second, we consider Huckins's argument that the trial court erred by ruling it did not have the authority to waive community custody supervision costs. However, despite its statements on the record, the trial court did not impose them in the written judgment and sentence. Because the costs are not on the judgment and sentence, we do not consider this issue.

Washington is a written order state. *State v. Dailey*, 93 Wn.2d 454, 458-59, 610 P.2d 357 (1980). "[A] trial court's oral statements are 'no more than a verbal expression of [its] informal opinion at that time . . . necessarily subject to further study and consideration, and may be altered, modified, or completely abandoned.'" *Dailey*, 93 Wn.2d at 458 (quoting *Ferree v. Doric Co.*, 62 Wn.2d 561, 567, 383 P.2d 900 (1963)). Because the trial court did not order Huckins to pay supervision fees in its written judgment and sentence, they are not a part of Huckins's sentence.

V.    CONCLUSION

We conclude that the trial court abused its discretion by failing to consider less restrictive conditions than monetary bail. Because Huckins does not seek reversal of his conviction, our opinion on the issue of setting release conditions serves to emphasize that courts must comply with

---

[5] Because the trial court did not comply with CrR 3.2(d)(6), we find it unnecessary to address Huckins's constitutional claims. *See State v. Speaks*, 119 Wn.2d 204, 207, 829 P.2d 1096 (1992).

the criminal rules when setting bail. We remand to the trial court to strike the portion of Huckins's sentence that is based on a statute that does not exist.

_____
         Melnick, J.

We concur:

_____
         Bjorgen, J.

_____
         Lee, A.C.J.