**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79064-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ALISHA MARIE WILSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 18, 2019 |
| | ) | |

MANN, J. — Alisha Wilson challenges the trial court's order setting conditions for pretrial release contending that the trial court violated the pretrial release rule CrR 3.2, her presumption of innocence, and her constitutional rights. Because this case is moot, we affirm.

I.

The State charged Wilson with first degree trafficking in stolen property on February 15, 2017. During Wilson's pretrial release hearing, the State asked for $5,000 unsecured bail and other standard release conditions. Wilson's attorney agreed without any additional argument. The hearing concluded. Wilson never raised the issue of her pretrial release conditions.

II.

Wilson contends that we should hear this appeal despite its mootness because it presents a question of continuing and substantial public interest. We disagree.

An issue on appeal is moot if the reviewing court can no longer provide the party effective relief. State v. Cruz, 189 Wn.2d 588, 597, 404 P.3d 70 (2017) (citation omitted). "The general rule is that moot cases should be dismissed." Cruz, 189 Wn.2d at 597 (citation omitted). An exception exists, however, "when it can be said that matters of continuing and substantial public interest are involved." Cruz, 189 Wn.2d at 598 (quoting Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)).

We consider the following three factors when determining whether an issue falls within the exception: "(1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for the future guidance of public officers, and (3) the likelihood of future recurrence of the question." Cruz, 189 Wn.2d at 598. The court also considers "the level of genuine adverseness and the quality of advocacy of the issues . . . which serves to limit review to cases in which a hearing on the merits has occurred." Westerman v. Cary, 125 Wn.2d 277, 286, 892 P.2d 1067 (1994). Finally, the court may also consider "the likelihood that the issue will escape review because the facts of the controversy are short-lived." Cary, 125 Wn.2d at 286-87.

Both parties concede that these issues are moot. A recent Division Two case addressed a similar issue relating to pretrial release conditions and CrR 3.2 despite being moot. State v. Huckins, 5 Wn. App. 2d 457, 426 P.3d 797 (2018) (finding the trial court did not comply with the requirements of CrR 3.2(d)(6), despite the mootness of the issue). Unlike Huckins, Wilson did not contest the State's proposed pretrial release

conditions.  A defendant does not waive a manifest constitutional error by failing to object below.  RAP 2.5(a).  Wilson, however, did not brief how this alleged error was manifest constitutional error, therefore we decline to address the merits of this case and find that the issues are moot.

We affirm.

_____Mann, J._____

WE CONCUR:

_____Schindler, J._____          _____Appelwick, C.J._____