# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| COWLITZ TRIBAL GAMING AUTHORITY, an instrumentality of the Cowlitz Indian Tribe, a federally recognized Indian tribe,<br><br>Appellant,<br><br>v.<br><br>CLARK COUNTY SHERIFF'S OFFFICE, department of Clark County, a political subdivision of the State of Washington, and ANGUS LEE, as an individual and on behalf of his marital community,<br><br>Respondents. | No.  52826-6-II<br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — The Cowlitz Tribal Gaming Authority (CTGA) appeals from a superior court order denying the CTGA's motion for an injunction prohibiting the release of security-related video footage from a tribal casino pursuant to Public Records Act[1] (PRA) record requests for these videos directed to the Clark County Sheriff's Office (CCSO).[2] The party requesting the videos, attorney D. Angus Lee, argues that this case is moot because he has withdrawn his PRA record requests. We agree with Lee and dismiss this appeal as moot.

---

[1] Ch. 42.56 RCW.

[2] Although the CCSO is a party to this case, it has notified this court that it takes no position on the merits of CTGA's arguments or whether this appeal is moot and that it does not intend to file any responsive briefs.

No. 52826-6-II

FACTS

Following an altercation between patrons at a tribal casino owned and operated by the CTGA, the CTGA provided the CCSO with copies of "confidential" surveillance video footage of the incident.[3]  Attorney Lee requested copies of the videos from the CCSO under the PRA.

The CTGA sought "preliminary and permanent injunction relief" against the CCSO and Lee to prevent release of the "confidential videos" to Lee.[4]  Clerk's Papers (CP) at 1, 7.  The CTGA argued that the release of the videos would compromise security and expose the casino to potential criminal activity in contravention of the Indian Gaming Regulatory Act[5] and the Washington State Gambling Act,[6] that it would violate the rights of the CTGA's employees and clients, and that it would violate the Tribal State Gaming Compact.  Lee responded that the public record exemptions claimed by the CTGA were inapplicable.  The superior court denied the motion for a preliminary injunction, and the CTGA appealed.

Two months after the CTGA filed its notice of appeal, Lee e-mailed the CTGA's counsel a letter acknowledging that he (Lee) had reviewed the videos.  Following his review of the videos, Lee withdrew the two pending PRA requests.

---

[3] The CCSO became involved under a cooperation agreement between the tribe and the county that allows the CCSO to investigate and prosecute criminal activity at the casino.

[4] The CCSO responded to the complaint for injunctive relief by stating only that it did not take a position on the CTGA's motion for injunctive relief.

[5] 25 U.S. C. §§ 2701-2721.

[6] Ch. 9.46 RCW.

2

The CTGA filed its opening brief in this appeal a couple of weeks after receiving Lee's e-mail. In addition to arguing that the superior court erred in denying the injunction, the CTGA acknowledged that Lee had withdrawn his PRA requests. The CTGA argued, however, that we should still address the appeal because whether the videos were subject to PRA requests was a matter of public interest that would provide future guidance to public agencies handling similar PRA requests. The CTGA noted that this was the second request the CCSO received for these videos and that this demonstrated that this issue could reoccur.

Lee argued that this appeal was moot. Lee's response did not, however, address the merits of the CTGA's substantive arguments beyond referring us to his superior court briefing.

ANALYSIS

The CTGA argues that even though this appeal of the superior court's denial of the CTGA's motion for injunctive relief is moot, we should consider this appeal because it involves issues of first impression, the issues are of continuing and substantial public interest, and the issues are likely to reoccur. Although we agree that this appeal is moot, we decline to consider it.

"'A case is moot if a court can no longer provide effective relief.'" *State v. Huckins*, 5 Wn. App. 2d 457, 463, 426 P.3d 797 (2018) (quoting *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984)). Because Lee has withdrawn his PRA requests, an injunction is no longer necessary, and we can no longer provide effective relief in this matter. Accordingly, this appeal is moot.

We may, however, "retain and decide a moot appeal 'if it involves matters of continuing and substantial public interest.'" *Huckins*, 5 Wn. App. 2d at 463 (quoting *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012)). To determine if an appeal presents issues of continuing

and substantial public interest, we examine "'[(1)] the public or private nature of the question presented, [(2)] the desirability of an authoritative determination for the future guidance of public officers, and [(3)] the likelihood of future recurrence of the question.'" *Hunley*, 175 Wn.2d at 907 (alterations in original; internal quotation marks omitted) (quoting *In re Pers. Restraint of Mattson*, 166 Wn.2d 730, 736, 214 P.3d 141 (2009)). Additionally, we consider the "'level of genuine adverseness and the quality of advocacy of the issues'" and "'the likelihood that the issue will escape review because the facts of the controversy are short-lived.'" *Westerman v. Cary*, 125 Wn.2d 277, 286-87, 892 P.2d 1067 (1994) (quoting *Hart v. Dep't of Soc. & Health Servs.*, 111 Wn.2d 445, 448, 759 P.2d 1206 (1988); *Seattle v. State*, 100 Wn.2d 232, 250, 668 P.2d 1266 (1983) (Rosellini, J., dissenting)).

The CTGA asserts that the issue in this appeal is of a public nature because it involves an interpretation of the PRA, that a decision in this appeal would provide guidance to public agencies in possession of similar surveillance videos, and that the fact this was the second request for these materials in this case demonstrates that the issue will reoccur. We agree that the issue is of a public nature in that it addresses an area of important public interest, namely an interpretation of the PRA. We also agree that similar issues may arise again and that guidance may be helpful in the future because it appears likely that video footage of crimes committed in tribal casinos could again become part of criminal investigations. But that is not the end of our inquiry.

We must also examine the level of genuine adverseness and the quality of advocacy of the issue and the likelihood that the issue will escape review. *Westerman*, 125 Wn.2d at 286-87. The CTGA does not address these additional factors.

The quality of the advocacy of the issue is a concern in this appeal. Although the CTGA has fully briefed the substantive issues, Lee's briefing on the substantive issues on appeal is wholly inadequate. Lee merely incorporates by reference his briefing in the superior court, which is improper. *State v. I.N.A.*, 9 Wn. App. 2d 422, 426, 446 P.3d 175 (2019) (in an appeal, a party must present its arguments on the merits in its appellate brief; it is improper for a party to attempt to address arguments by incorporating by reference briefs filed in other pleadings). Furthermore, because Lee has withdrawn his PRA record requests, he no longer has any incentive to defend his PRA request on appeal. Thus, the lack of genuine adverseness and quality of the advocacy of the issues weigh in favor of not reaching the substantive issues on appeal.

Finally, the likelihood that the issues will escape review is low. As the CTGA points out, it is likely that the issue will recur. If the issue were to reoccur, we could more fully address these same issues in an active controversy where both parties' incentives to actively participate in the appeal would be higher.

Because the issues here are not likely to escape review, the briefing in this matter is not complete, and Lee no longer has any incentive to defend against the CTGA's arguments, we decline to consider this moot appeal and dismiss this appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.