IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 81042-1-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LUCAS RYAN EWING, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

HAZELRIGG, J. — Lucas R. Ewing was charged with six domestic violence crimes, three of which were felonies with domestic violence aggravators. Ewing was held on bail pending trial and sentenced to prison after conviction on two domestic violence felonies, one with a deadly weapon enhancement and both with findings of the statutory domestic violence aggravator. Ewing seeks review of the court's rulings on pretrial conditions of release, specifically raising constitutional challenges to the bail determination. In a Statement of Additional Grounds, he claims government misconduct and ineffective assistance of counsel deprived him of a fair trial. We find Ewing's bail argument is moot and that recent published opinions sufficiently address any concerns as to the continuing and substantial public interest in the issue. We further find that Ewing has failed to satisfy the tests for demonstrating government misconduct and ineffective assistance of counsel. We affirm.

Citation and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

Lucas Ewing was charged with assault in the second degree with a deadly weapon enhancement, two counts of assault in the fourth degree, malicious mischief in the third degree, and two counts felony harassment, based on events that occurred on November 12, 2017. All six counts were designated as domestic violence crimes and the State further alleged the domestic violence pattern aggravator as to the assault in the second degree with a deadly weapon and felony harassment charges. The State issued a summons when it filed charges in December 2017 and sent the information to three different addresses in Roy and Spanaway, but did not send it to the Puyallup address Ewing had provided at the time of his arrest.[1]

Ewing failed to appear for arraignment and the court authorized issuance of a bench warrant on January 4, 2018. Ewing appeared in custody on March 8, 2018 and was arraigned on the charges. The State requested a requirement that Ewing post $200,000 bail as a condition of release pending trial, citing concerns of flight risk, community safety, and risk to the victim. Counsel appointed for the preliminary hearing offered $60,000 as a bail amount Ewing would more likely be able to post. The court set bail at $125,000 and noted as bases for its determination ten prior criminal cases wherein bench warrants had issued, assault charges dating back to 1994, prior convictions for domestic violence crimes, including one for assault in the second degree, and that the current allegations occurred in the presence of two children.

---

[1] However, one of the Roy addresses is the location where the underlying incident occurred and where Ewing was ultimately arrested on the bench warrant issued in this case.

Ewing did not post bail and remained incarcerated during the pendency of his case. He objected to each continuance of his trial date. At a hearing on the third motion to continue, Ewing moved for dismissal of his charges or, in the alternative, reconsideration of the prior bail determination. He requested a reduction to $25,000. After hearing argument as to Ewing's employment and residence, criminal history, prior warrant history, and the allegations in the case, the court declined to reduce the bail amount.

Trial commenced on June 13, 2018; the 97th day after Ewing's arraignment. Ewing was convicted of assault in the second degree with a deadly weapon enhancement and felony harassment, with findings of domestic violence as to each. The jury found the statutory domestic violence aggravator applied to both offenses. Ewing was sentenced to a total of 132 months in prison, including time for the deadly weapon enhancement. He timely appealed.

ANALYSIS

I.    Bail Determinations and Mootness

Ewing focuses this appeal on the court's determinations as to pretrial detention, specifically the imposition of a requirement that he post $125,000 bail as a condition of release from custody. However, subsequent to the court's ruling on bail, Ewing proceeded to trial and was convicted of two felony domestic violence crimes. As such, we must first determine whether this issue is moot.

Generally, we do not decide issues that are moot. State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). "An issue is moot if we can no longer provide effective relief." State v. Ingram, 9 Wn. App.2d 482, 490, 447 P.3d 192

(2019). "Ordinarily, this court will not consider a question that is purely academic." State v. Gentry, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995). Here, the relief Ewing seeks is for this court to declare the ruling on his pretrial bail unconstitutional based on due process and equal protection and remand for dismissal. Ewing has since been convicted and is presumably now serving his 132 month prison sentence, less any credit for time held in custody awaiting trial per the terms of his judgment and sentence. As such, we can no longer grant effective relief regarding his pretrial detention. See Ingram, 9 Wn. App.2d at 497.

Ewing's challenges to the imposition of bail are moot.[2] The law is clear that we may "decide a moot appeal 'if it involves matters of continuing and substantial public interest.'" State v. Huckins, 5 Wn. App.2d. 457, 463, 426 P.3d 797 (2018) (quoting Hunley, 175 Wn.2d at 907). In determining if a question qualifies as a matter of continuing and substantial interest we consider, "(1) the public or private nature of the issue, (2) whether guidance for public officers on the issue is desirable, and (3) the likelihood that the issue will recur." Ingram, 9 Wn. App.2d at 490 (citing State v. Cruz, 189 Wn.2d 588, 598, 404 P.3d 70 (2017)). We also consider the likelihood the issue will continually escape review due to the factual basis or issue being short-lived. Id.

Here, the issues raised by Ewing regarding pretrial detention are of a public nature since monetary pretrial conditions are ordered daily within our jails and courts across the state. By this same reasoning, they are likely to reoccur. Ewing

---

[2] Ewing all but concedes this point by preemptively addressing mootness in his opening brief. However, he did not submit a reply brief and thereby fails to respond to the State's arguments on mootness.

suggests that this court should take up the issue "to provide guidance as there are a limited number of cases on the issue but appears to be a lack of understanding and application of the rule." He then cites to this court's recent published opinions in State v. Ingram and State v. Huckins as support for his argument that bail challenges meet the standards for deciding a moot case. 9 Wn. App.2d 48; 5 Wn. App.2d 457. Ewing acknowledges that no relief was granted as to the bail issue in those cases, but argues relief could be granted here.

Ewing seeks reversal and dismissal as relief for the asserted violation of CrR 3.2 as "an incentive for the state or lower courts to comply with the clear mandates of [the rule]." However, Ingram and Huckins, both of which were released after the court's bail decisions in Ewing's case, provide the very guidance he argues was previously lacking. Ewing does not raise any issues that were not already addressed in Ingram and Huckins, which are controlling authority. As such, we decline to reach the merits of his bail challenge.

II.     Statement of Additional Grounds

Ewing raises a number of other challenges in his Statement of Additional Grounds (SAG).[3] We interpret them as two distinct allegations of government misconduct, various bases for a claim of ineffective assistance of counsel and cumulative error.

---

[3] Ewing's SAG includes a notation seeking a 30 day extension of time to complete his SAG. That request is denied.

A.    Governmental Misconduct

Ewing argues that we should remand his case to the trial court to conduct a hearing into governmental misconduct. We disagree. Under CrR 8.3, Ewing could have brought a motion to raise his governmental misconduct claim. The trial court has the authority to conduct an evidentiary hearing on the issue if it is deemed necessary. See CrR 8.3. The alleged misconduct Ewing identifies is based on his wife's testimony that she was coerced into giving a statement to law enforcement by police holding her daughter hostage. The citation to the record provided for this claim is his wife's trial testimony in which she explains why she gave her original statement to the police. However, Ewing provides no authority supporting his argument that the mere assertion of coercion would require a hearing on governmental misconduct. While his wife disclaimed the truthfulness of the original statement to police, it was signed under penalty of perjury and she later testified under oath that she must have made it, based on identifying it as her own handwriting. The record reflects that the jury heard his wife's testimony and was provided her original statement to police. As finders of fact, the jury was able to assess the credibility of the statements and her claims of coercion and do not appear to have found her claim of coercion credible. We find no error as to this claim.

The second basis for Ewing's claims of government misconduct is his assertion that a juror observed him in shackles while he being transported by jail deputies in the courthouse during his trial. We recognize this could be a basis for which to grant relief. See State v. Finch, 137 Wn.2d 792, 842-51, 975 P.2d 967

(1999). However, there is no evidence in the record before us by which to evaluate Ewing's claim. We decline to review this issue based on speculation.

B.    Ineffective Assistance of Counsel

Ewing next argues his appointed counsel was ineffective for a number of reasons. To prevail on his claims for ineffective assistance of counsel, Ewing must establish his counsel was deficient that the deficient performance resulted in prejudice. Strickland v. Wash., 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Deficient performance is based on an objective standard of reasonableness in the context of all the circumstances. State v. McFarland, 127 Wn.2d. 322, 334-35, 899 P.2d 1251 (1995). We engage in our review with a strong presumption that counsel was effective. Id. at 35.

Ewing first argues that counsel was ineffective for failing to request a hearing on governmental misconduct, based on the assertions relating to his wife's original statement to police described in the previous section. Again, the record does not demonstrate a basis for such a hearing, nor does Ewing cite any authority to suggest that such a hearing would be appropriate on these facts or that counsel's failure to seek one is deficient performance. As such, this claim fails.

Ewing's second basis for ineffective assistance of counsel is his attorney's decision not to pursue a defense of others theory at trial. Ewing states that this defense was supported by his claim that he was trying to prevent his wife from driving away with their son while she was intoxicated. However, case law is well settled that decisions as to trial strategy are properly within the discretion of counsel. See State v. Thompson, 169 Wn. App. 436, 459-60, 290 P.3d 996 (2012);

see also In re Pers. Restraint of Stenson, 142 Wn.2d 710, 733-36, 16 P.3d 1 (2001). Disagreement about trial strategy does not constitute deficient performance by counsel.

Ewing next argues counsel was ineffective based on failing to elicit testimony that his wife was intoxicated and trying to drive away with their son during the assault. Again, trial strategy, which includes the nature of questions posed to witnesses, properly rests with trial counsel. See Thompson, 169 Wn. App. at 459-60; see also Stenson, 142 Wn.2d at 733-36. Further, the record demonstrates there was testimony by Ewing's wife that she was intoxicated during the altercation and it appears counsel did try to elicit testimony on cross examination that she had been trying to drive. Ewing does not demonstrate deficient performance as to this claim.

Ewing's final basis for his claim of ineffective assistance of counsel is his attorney's failure to move for a mistrial after a juror allegedly saw Ewing in shackles during transport within the courthouse. While Ewing cites legal authority as to ineffective assistance of counsel generally, he provides no citations to the record to support his claim that a juror observed him in restraints. As such, we lack a sufficient record to review this issue.

C.    Cumulative Error

Finally, Ewing asks this court to review the cumulative effect of the errors raised in his brief and SAG. However, as we find no error in the various issues raised on appeal, we decline to engage in cumulative error analysis.

Affirmed.

WE CONCUR:

Leach, J.

Appelwick, J.