# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Respondent,<br><br>     v.<br><br>LEONA RUTH STARR,<br><br>                    Appellant. | No. 53147-0-II<br><br><br><br>PUBLISHED OPINION |

CRUSER, J. – Leona Ruth Starr[1] appeals the sentencing court's imposition of community custody supervision fees following her conviction for felony violation of a no-contact order. She argues that the sentencing court should have waived the community custody supervision fees because they are discretionary costs and she is indigent. We hold that Starr's argument fails because the community custody supervision fees are not "costs" as defined by RCW 10.01.160(2). Accordingly, we affirm.

## FACTS

After a jury convicted Starr of a felony, the sentencing court imposed a sentence that included community custody.[2] The sentencing court found Starr indigent as defined in RCW

_____

[1] Starr is also known as Leona R. Sampson and Leona Ruth Martin.

[2] The sentencing hearing was held on January 24, 2019.

10.101.010(3)(c) because her after-tax income was 125 percent or less of the current federal poverty level. Due to Starr's indigency, the sentencing court stated that it was waiving all costs except the crime victim assessment. Specifically, the court stated, "Well, I am imposing 16 months, 12 months community custody, the crime victim assessment. The defendant is otherwise indigent. So no other costs will be assessed." Verbatim Report of Proceedings (Jan. 24, 2019) at 22-23.

In the judgment and sentence, the court waived all discretionary legal financial obligations (LFOs) listed in the LFO section of the judgment and sentence. Although not designated as an LFO, the community custody section of the judgment and sentence included a provision requiring Starr to "pay supervision fees as determined by [the Department of Corrections (DOC)]" as a condition of her community custody. Clerk's Papers at 12. The sentencing court did not mention or strike this provision.

Starr appeals the imposition of community custody supervision fees.

ANALYSIS

Starr argues that, in light of her indigency, the sentencing court erred by imposing the community custody supervision fees. This argument fails.

RCW 10.01.160(3) provides that the sentencing court shall not order a defendant to pay costs if a defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). Similarly, RCW 9.94A.760(1) provides that the sentencing court cannot order "costs" as described in RCW 10.01.160 if the defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). RCW 10.01.160(2) defines "costs" as follows: "Costs *shall be limited to* expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision." (Emphasis added.)

The community custody supervision fees were imposed under RCW 9.94A.703(2)(d), which states, "Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [DOC]." Because the sentencing court can waive these fees, they are discretionary LFOs. *State v. Lundstrom*, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), *review denied*, 193 Wn.2d 1007 (2019).

But the fact that the community custody supervision fees are discretionary LFOs does also not mean that they are costs. Community custody supervision fees clearly do not meet the definition of a cost under RCW 10.01.160(2) because they are not an expense specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision. *State v. Spaulding*, 15 Wn. App. 2d 526, 536-37, 476 P.3d 205 (2020). They are not a pre-conviction expense to be recouped--instead, community custody supervision fees are intended to cover post-conviction costs that will be incurred at a later date to help fund the DOC. And RCW 10.01.160(2) expressly requires that costs be limited to three specific categories of expenses. We would need to ignore the plain language of RCW 10.01.160(2) and expand the definition of costs in order to conclude that community custody supervision fees were costs, which is the legislature's role, not this court's. Because community custody supervision fees are not costs, the sentencing court did not err when it imposed these fees despite Starr's indigency status. *See Spaulding*, 15 Wn. App. 2d at 536-37; *State v. Clark*, 191 Wn. App. 369, 374-75, 362 P.3d 309 (2015) (distinguishing fines from costs).

Starr argues that the sentencing court's statements demonstrated that it did not intend to impose any discretionary LFOs. But because the community custody supervision fees, a community custody condition, were never mentioned, it is mere conjecture that the sentencing

court considered them at all.[3] Furthermore, we cannot examine the sentencing court's oral statements to determine the court's intent because those statements are not part of the final judgment unless reduced to a written order, here the judgment and sentence. *State v. Huckins*, 5 Wn. App. 2d 457, 469-70, 426 P.3d 797 (2018) (citing *State v. Dailey*, 93 Wn.2d 454, 458, 610 P.2d 357 (1980).

---

[3] The dissent characterizes the sentencing court's failure to strike the community custody supervision fees in the judgment and sentence as a scrivener's error that we can correct. Dissent at 6. We disagree with that characterization.

A scrivener's error is one that, when amended, would correctly convey the intention of the trial court *as expressed in the record at trial*. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). Here, the court did not express any intent to waive the community custody supervision fees--the court referred only to "costs" and did not mention the community custody supervision fees at all. We presume that the court understood the meaning of the term "cost" and do not infer that the court meant to include fees that do not fall under the legal definition of a cost.

Furthermore, the fees and costs the sentencing court waived in the judgment and sentence, specifically the court appointed attorney fees, filing fees, witness fees, service fees, jury demand fees, and extradition costs, are qualitatively different than the community custody supervision fee because those costs and fees are intended to recoup expenses that accrued during the course of the prosecution, not fees intended to cover expenses related to the execution of the defendant's sentence. Because the waived costs and fees are qualitatively different than the community custody supervision fee, and the sentencing court did not expressly state an intention to waive the prospective community custody supervision fee, there is nothing in the record demonstrating that the court's failure to strike the community custody supervision fees was a scrivener's error and remand to strike the community custody supervision fee is not appropriate.

Because the community custody supervision fees are not "costs" as defined by RCW 10.01.160(2), the sentencing court did not err in imposing these fees, and we affirm.

_CRUSER, J._

CRUSER, J.

I concur:

_SUTTON, A.C.J._

SUTTON, A.C.J.

WORSWICK, J. (concurring in part and dissenting in part) — I concur with the majority in its conclusion that community custody fees are not statutory costs. However, I dissent because I believe the trial court stated an intent not to impose any discretionary fees.

The section of the judgment and sentence at issue where the imposition of supervision fees appears looks like this:

> (B) While on community custody, the Defendant shall: (1) report to and be available for contact with the assigned community corrections officer as directed; (2) work at DOC-approved education, employment and/or community restitution (service); (3) notify DOC of any change in Defendant's address or employment; (4) not consume controlled substances except pursuant to lawfully issued prescriptions; (5) not unlawfully possess controlled substances while on community custody; (6) not own, use, or possess firearms or ammunition; (7) pay supervision fees as determined by DOC; (8) perform affirmative acts as required by DOC to confirm compliance with the orders of the court; and (9) abide by any additional conditions imposed by DOC under RCW 9.94A.704 and .706. The Defendant's residence location and living arrangements are subject to the prior approval of DOC while on community custody.

Clerk's Papers at 12.

It is easy to understand how a trial court could simply overlook item 7 in this block of text in a 12-page document. During sentencing, the trial court stated, "The defendant is otherwise indigent. So no other costs will be assessed." Verbatim Report of Proceedings (Jan. 24, 2019) at 22-23. Although the record could be more specific regarding whether the trial court meant only statutory costs, or if it was speaking more colloquially, it appears the trial court did not intend to impose *any* additional fees, and that the failure to strike item 7 was merely a scrivener's error.

I would remand this case to the trial court to correct this scrivener's error and strike supervision fees from this judgment and sentence.

_____
Worswick, J.