## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53843-1-II |
| Respondent, | |
| v. | |
| TIMOTHY LLOYD MENZIES JR, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Timothy Lloyd Menzies, Jr. appeals the sentencing court's imposition of community custody supervision fees and the costs of collections following resentencing on his convictions of two counts of first degree rape of a child- domestic violence. He argues that the sentencing court should have waived the community custody supervision fees and the costs of collections because (1) they are discretionary costs that the sentencing court imposed inadvertently. Menzies (2) raises several additional challenges to his conviction and sentence in a statement of additional grounds.

We hold that the community custody supervision fees and collections costs are not "costs" within the meaning of RCW 10.01.160(2), but the record indicates that the trial court inadvertently imposed the community custody supervision fees and collections costs. With respect to the issues Menzies raises in his SAG, we hold that they either cannot be addressed, or they fail on the merits.

Accordingly, we reverse and remand the imposition of community custody supervision fees and collection costs and remand for clarification of the sentencing court's intent to impose those costs.

FACTS

I. INITIAL SENTENCING

Menzies was charged with two counts of first degree rape of a child and two counts of first degree child molestation for sexually assaulting his daughter. He was also charged with three counts of first degree rape of a child and one count of second degree rape of a child for sexually assaulting his stepdaughter.

Menzies and the State negotiated a plea agreement, and the State reduced the charges to two total counts of first degree rape of a child, one for each victim, with three aggravating factors for each count. The aggravating factors included abuse of a position of trust, multiple victims, and multiple offenses per victim. Menzies pleaded guilty to the charges as amended and stipulated to facts that supported the sentencing enhancements. He did not stipulate to an exceptional sentence.

Menzies's standard range sentence for each count of first degree rape of a child was an indeterminate sentence of 120-160 months confinement. The sentencing court sentenced Menzies to an exceptional sentence of 240 months to life confinement on the State's recommendation. The sentencing court found that Menzies "stipulated to the existence of three aggravating circumstances," and considered Menzies's conduct, the lack of prior criminal history, the standard range sentences, and the argument presented by Menzies in imposing the sentence. Clerk's Papers (CP) at 66.

## II. FIRST APPEAL

Menzies appealed his exceptional sentence. We held that the trial court could not properly rely on the multiple victims aggravating factor because Menzies was convicted of separate counts charged for each victim. *State v. Menzies*, No. 51431-1-II, slip op. at 8 (Wash. Ct. App. June 18, 2019) (unpublished), https://www.courts.wa.gov/opinions/. We remanded for resentencing because we could not determine, based on the record, whether the sentencing court would have imposed the same exceptional sentence if it had not considered the multiple victims aggravating factor. *Id*. at 8-9.

In his first appeal, Menzies also challenged the trial court's imposition of the $200 criminal filing fee and the interest accrual provision. *Id.* at 9. We noted that the sentencing court intended to impose only mandatory legal financial obligations (LFOs) and instructed the sentencing court to reconsider the criminal filing fee and interest accrual provisions when it held Menzies's resentencing hearing. *Id.*

## III. REMAND AND RESENTENCING

On remand, the sentencing court explained that each of the aggravating factors independently supported the exceptional sentence it previously imposed. While it considered Menzies's attempt at making some positive changes since his incarceration, the sentencing court focused on the egregiousness of Menzies's actions and maintained that the exceptional sentence was warranted. The trial court found that Menzies was the biological father of one victim and the stepfather of the other, supporting the position of trust aggravating factor. In addition, the sentencing court found that the abuse was "excessive, lasted for years, occurred on a daily or more than once daily basis and included threats of violence," supporting the multiple acts aggravating

factor. CP at 81. Consequently, the sentencing court again found substantial and compelling reasons to impose a 240 month indeterminate exceptional sentence.

With respect to the LFOs, the sentencing court struck the $200 filing fee and provision requiring the payment of interest on nonrestitution LFOs. In so ruling, the sentencing court explained, "the thing that will be changed, and it's only because the statute changed . . . legal financial obligations, and only those obligations that are not -- you are indigent and you will be for some time, those, only those matters will be changed." Verbatim Report of Proceedings (VRP) at 8. The trial court confirmed that Menzies had not been previously convicted of a felony before imposing the DNA database fee.

The State then referred to the total LFOs as amounting to $1,679.65, which included restitution, the crime victim assessment, and the DNA database fee. The sentencing court agreed that this amount was appropriate. In Menzies's judgment and sentence, the expressly listed LFO's included the $500 crime victim assessment, $100 DNA database fee, and $1,079.65 in crime victim restitution. The sentencing court did not strike the boilerplate provisions regarding the cost of collections or the provisions regarding community custody supervision fees.

Menzies appeals.

## DISCUSSION

### I. LFOs

Menzies argues that the community custody supervision fee and the collections costs are discretionary costs that the trial court imposed in violation of RCW 10.01.160(3) due to his indigency status. In addition, Menzies argues that because the trial court intended to limit his LFOs

to mandatory LFOs, and the challenged LFOs are discretionary, the community custody supervision fee and the collections costs were imposed inadvertently and should be stricken.

The community custody supervision fee and the collections costs are not "costs" as defined in RCW 10.01.160(2). We agree that these LFOs are discretionary, and that the record indicates the sentencing court's likely intent to limit Menzies's LFOs to mandatory LFOs. However, the record is not sufficiently clear on this point to allow us to strike the fees.

As provided in RCW 10.01.160(3), a sentencing court shall not order a defendant to pay costs if a defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). An additional statute, RCW 9.94A.760(1), states that the sentencing court cannot impose "costs" as described in RCW 10.01.160 if the defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). Under RCW 10.01.160(2) "costs" are defined as follows: "Costs *shall be limited* to expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision." (Emphasis added).[1]

We have previously held that community custody supervision fees are not costs under RCW 10.01.160(2) because the expense is incurred post-conviction. *State v. Starr*, 16 Wn. App.

---

[1] Menzies argues that RCW 10.01.160(2) does not define "costs," and only states the type of cost that a sentencing court may permissibly impose. Br. of Appellant 10. Menzies contends that even if community custody supervision fees and collections costs do not fall within the enumerated categories in RCW 10.01.160(2), they are still costs because all discretionary LFOs are costs, and imposing costs on an indigent defendant violates RCW 10.01.160(3). Menzies's argument lacks merit. Taking Menzies's assertion to its logical conclusion, a sentencing court could never impose community custody supervision fees or collections costs because the only permissible "costs" are those that fall within the enumerated categories. Consequently, community supervision fees and collections fees would be prohibited under RCW 10.01.160(2) because regardless of a defendant's indigency status, they are not "expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision."

2d 106, 109, 479 P.3d 1209 (2021); *State v. Spaulding*, 15 Wn. App. 2d 526, 536-37, 476 P.3d 205 (2020). The costs of collection are imposed under RCW 36.18.190 and are meant to allow the court to recoup the expense of collecting past due LFOs. Therefore, like the community custody supervision fee, collection costs are incurred post-conviction and do not fit within one of the three categories of costs enumerated in RCW 10.01.160(2). Because neither the community custody supervision fee nor the collections costs meet the statutory definition of costs in RCW 10.01.160(2), the trial court did not violate RCW 10.01.160(3) in imposing these LFOs on Menzies despite his indigency status.

Although the community custody supervision fees and costs of collections are not "costs" within the meaning RCW 10.01.160(2), they are discretionary LFOs. The community custody supervision fees are discretionary because they are waivable under RCW 9.94A.703(2)(d). *Starr*, 16 Wn. App. 2d at 109. Similarly, a superior court's authority to impose collection costs arises under RCW 36.18.190, which states that "[t]he superior court *may*, at sentencing or at any time within ten years, assess as court costs the moneys paid . . . to collection agencies or for collection services." (Emphasis added.) Imposition of collections fees under RCW 36.18.190 is thus a matter of the superior court's discretion.

The trial court here evinced an intent to impose only mandatory LFOs and to exclude discretionary LFOs, though its intent was not clearly expressed or memorialized in its written order. On Menzies's first appeal, we noted that "[t]he trial court declined to impose any discretionary LFOs, but it imposed mandatory LFOs." *Menzies*, slip op. at 5. During Menzies's resentencing hearing, the trial court struck the nonrestitution interest provision and $200 criminal filing fee that Menzies challenged in his first appeal. It explained that it was doing so due to

Menzies's indigency status and the recent changes in the law. The trial court then ensured that Menzies had not been previously convicted of a felony before imposing the DNA filing fee.

Given the first appeal and the sentencing court's statements during the resentencing hearing on remand, the trial court indicated that it did not intend to impose nonmandatory LFOs on Menzies due to his indigency status. *See id*. However, the challenged LFOs appear in several boilerplate provisions in Menzies's judgment and sentence, and the trial court did not mark or otherwise affirmatively indicate its intent either to impose or to strike these LFOs. The record is thus inconclusive. Because LFOs "should not be imposed lightly merely because the legislature has not dictated that judges conduct the same inquiry required for discretionary costs," we remand this issue for clarification by the trial court. *See State v. Clark*, 191 Wn. App. 369, 376, 362 P.3d 309 (2015).

## II. SAG ISSUES

In his SAG, Menzies argues that he was deprived of effective assistance of counsel; that he did not knowingly, intelligently, and voluntarily agree to the sentencing enhancements when he pleaded guilty to the underlying offenses; and that he was deprived of his constitutional right to be charged by a grand jury. We decline to review these issues because they were not raised on his first appeal and were outside the scope the issues before the trial court on remand. Menzies also argues that his exceptional sentence was excessive. Although the panel may address this issue, we hold that Menzies's argument lacks merit.

A. NON-APPEALABLE ISSUES

As a general matter, a defendant may not raise issues on a second appeal that were raised or could have been raised in the first appeal. *State v. Mandanas*, 163 Wn. App. 712, 716, 262 P.3d

522 (2011). However, we may, at our discretion, address issues that were not previously raised in an earlier appeal so long as "'the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue.'" *State v. Wheeler*, 183 Wn.2d 71, 78, 349 P.3d 820 (2015) (quoting *State v. Barberio*, 121 Wn.2d 48, 50, 846 P.2d 519 (1993)); *see also* RAP 2.5(c)(1). The limitation on considering issues in a second appeal that were not previously addressed in an earlier appeal extends to issues "of constitutional import" *Mandanas*, 163 Wn. App. at 717.

Here, aside from the LFO issues, Menzies's appeal was limited to whether the trial court could consider the multiple acts and multiple victims aggravating factors at sentencing. *Menzies*, slip op. at 7-8. We instructed the trial court to resentence Menzies without considering the multiple victims aggravating factor. *Id.* at 9. And the trial court's ruling on remand was limited to whether the remaining aggravating factors supported Menzies's exceptional sentence. Therefore, issues pertaining to ineffective assistance of counsel, the voluntariness of Menzies's plea agreement, and Menzies's right under the United States Constitution to be charged by a grand jury were not before us on direct appeal, nor did the trial court exercise its independent judgment and consider these issues on remand. These issues do not raise appealable questions, and we decline to consider them on their merits. *See* RAP 2.5(c)(1).

B. EXCESSIVE EXCEPTIONAL SENTENCE

Menzies contends that his sentence was excessive because the trial court was prejudiced against him and failed to consider his mental state after he was charged or the positive changes he had made while incarcerated in making its sentencing determination. Because the trial court exercised independent discretion during Menzies's resenting on remand, we may reach this issue. *See* RAP 2.5(c)(1).

A sentencing court is permitted to impose an exceptional sentence where it finds that "substantial and compelling reasons" justify punishment beyond the standard range. Former RCW 9.94A.535 (2016); *State v. Suleiman*, 158 Wn.2d 280, 288, 143 P.3d 795 (2006). We may reverse an exceptional sentence upward if (a) the court's reasons for imposing an exceptional sentence are not supported or do not warrant a sentence outside the standard range, or (b) the sentence imposed was "clearly excessive." RCW 9.94A.585(4).

Here, the trial court imposed Menzies's exceptional sentence based on the position of trust aggravating factor, RCW 9.94A.535(3)(n), and the multiple incidents of sexual assault aggravating factor, RCW 9.94A.535(g). These aggravating factors support an exceptional sentence upward. RCW 9.94A.535(3). Menzies stipulated to facts that supported each aggravating factor in his plea agreement. The trial court found facts supporting each aggravating factor in its written findings following resentencing. The trial court further explained that any one of the two aggravating factors supported Menzies's exceptional sentence. Menzies has not shown that his sentence was clearly excessive or that that the court's reasons for imposing an exceptional sentence were unsupported or did not justify an exceptional sentence. *See* RCW 9.94A.585(4). Therefore, we decline to reverse Menzies's exceptional sentence.

CONCLUSION

We hold that because (1) the community custody supervision fees and collections costs are not "costs," the trial court did not abuse its discretion in imposing these LFOs on Menzies due to his indigency status. However, (2) the record indicates that the trial court may have inadvertently imposed the community custody supervision fees and collections costs. With respect to the issues Menzies raises in his SAG, (3) we hold that the issues either cannot be reviewed or lack merit.

No. 53843-1-II

Accordingly, we reverse the imposition of community custody supervision fees and collections costs and remand this case to the trial court for clarification of its intent to impose the discretionary LFOs.

With respect to the issues Menzies raises in his SAG, we decline to review the ineffective assistance of counsel, voluntariness of his plea agreement, and right to a grand jury issues on their merits because they are not appealable issues in this case. We hold that Menzies's challenge to his exceptional sentence fails on its merits.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, J.

LEE, C.J.