# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55038-5-II |
| Respondent, | |
| v. | |
| FREDDIE LEE McCLAIN, JR., | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. – Freddie L. McClain, Jr. appeals his judgment and sentence, contending the document contains two scrivener errors. The State concedes the errors. We accept the State's concession and remand for correction of the judgment and sentence.

## FACTS

Following an altercation between McClain and his girlfriend, the State charged McClain with assault in the first degree, assault in the second degree, two counts of violation of a no contact order, and obstructing a law enforcement officer. A jury found McClain guilty of obstruction and not guilty of assault in the first degree, but was unable to reach verdicts on the remaining charges. McClain ultimately pled guilty to malicious mischief in the second degree, assault in the fourth degree, and two counts of violation of a no contact order.

The trial court entered three separate judgment and sentences: one for the malicious mischief conviction; one for the obstruction conviction; and one for the assault and violations of a no contact order convictions. On the malicious mischief judgment and sentence, it states that

McClain pled guilty to malicious mischief in the second degree and then references "9A.36.041." Clerk's Papers (CP) at 287. RCW 9A.36.041 relates to assault in the fourth degree.

Also, on the malicious mischief judgment and sentence, a box next to "Community Custody" is checked, but no term of community custody is listed. CP at 292. It appears the trial court began to write in a term, but then scratched it out. The court did not sentence McClain to community custody. McClain appeals.

ANALYSIS

The parties agree that McClain's malicious mischief judgment and sentence contains two scrivener's errors. We concur.

"A scrivener's error is one that, when amended, would correctly convey the intention of the trial court as expressed in the record at trial." *State v. Starr*, 16 Wn. App. 2d 106, 110 n.3, 479 P.3d 1209 (2021) (emphasis omitted). The remedy for a scrivener's error in a judgment and sentence is remand to the trial court for correction. *State v. Sullivan*, 3 Wn. App. 2d 376, 381, 415 P.3d 1261 (2018).

Here, the trial court mistakenly referenced the wrong statute on McClain's malicious mischief judgment and sentence. And the court did not sentence McClain to community custody but checked the community custody box on the judgment and sentence. Indeed, malicious mischief in the second degree is not an offense that requires community custody. RCW 9.94A.701. Accordingly, the judgment and sentence contains two scrivener's errors. We accept the State's concession.

The proper recourse is to remand to the trial court for correction. *Sullivan*, 3 Wn. App. 2d at 381. Accordingly, we remand for correction of the malicious mischief judgment and sentence.[1]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Lee, C.J.

---

[1] The State alleges that McClain does not have a right to be present for the correction. We give leave to the trial court to determine whether McClain's presence is required.