## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55067-9-II |
| Respondent, | |
| v. | |
| JEFFREY ALLEN STRICKLAND, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, A.C.J.—Jeffrey Allen Strickland appeals his sentence following his guilty plea to two counts of second degree assault and one count of second degree unlawful possession of a firearm. He argues that the trial court erred by ordering him to pay a DNA collection fee and the community custody supervision fee, and by ordering him to pay interest on nonrestitution legal financial obligations. We remand to the trial court to strike the DNA collection fee, clarify that interest will not accrue on nonrestitution legal financial obligations, and reconsider imposition of the supervision fee.

FACTS

In 2016, Strickland pleaded guilty to two counts of second degree assault and one count of second degree unlawful possession of a firearm. The trial court sentenced Strickland to an exceptional sentence of 300 months in prison and ordered him to pay $18,487.89 in restitution. The trial court also imposed a $100 DNA collection fee and $500 victim assessment, and it ordered Strickland to pay the community custody supervision fee.

Strickland filed his notice of appeal in 2020, and a commissioner of our court issued a ruling accepting Strickland's late notice of appeal for filing.

ANALYSIS

I. DNA FEE AND NONRESTITUTION INTEREST ACCRUAL

Strickland argues that the trial court erred by imposing a DNA collection fee and interest accrual on nonrestitution legal financial obligations. The State concedes, and we accept its concession.

As an initial matter, in 2018, the legislature amended Washington's system of legal financial obligations. The amendments apply to cases that were not yet final at the time of their enactment. *State v. Ramirez*, 191 Wn.2d 732, 747-50, 426 P.3d 714 (2018). Although Strickland was sentenced in 2016, our commissioner accepted Strickland's late notice of appeal. Strickland argues, and the State agrees, therefore, that Strickland's case is not final and the 2018 amendments apply to him. We agree that Strickland is entitled to the benefits of the 2018 amendments.

Under RCW 43.43.7541, the DNA collection fee is not mandatory if the defendant's DNA has already been collected due to a prior conviction. Strickland has several prior felony convictions, which the State concedes resulted in his DNA being collected. This legal financial obligation should be stricken. Additionally, RCW 10.82.090(1) now prohibits interest from accruing on nonrestitution legal financial obligations, and the language in Strickland's judgment and sentence stating otherwise is erroneous.

## II. SUPERVISION FEES

Strickland also argues that the trial court erred by imposing community custody supervision fees because he is indigent. Because community custody supervision fees are not costs, we disagree.

RCW 10.01.160(3) and RCW 9.94A.760(1) prohibit a sentencing court from ordering a defendant to pay discretionary costs if a defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). RCW 9.94A.703(2)(d) governs supervision fees and states, "Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [Department of Corrections]." The supervision fee is a discretionary financial obligation. *State v. Lundstrom*, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018).

The supervision fee is not a discretionary "cost" merely because it is a discretionary financial obligation. *E.g.*, *State v. Starr*, 16 Wn. App. 2d 106, 109, 479 P.3d 1209 (2021). The supervision fee fails to meet the RCW 10.01.160(2) definition of a "cost" because it is not an "expense specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision." *Id*. Because the supervision fee is not a "cost" as defined under RCW 10.01.160(2), the statutes do not prohibit the trial court from imposing the supervision fee even where a defendant is indigent. *Id*. Thus, the trial court had discretion to impose the supervision fee.

Strickland urges us to overrule *Starr*. We decline to do so. We note, however, that "[t]he barriers that [legal financial obligations] impose on an offender's reintegration to society are well documented . . . and should not be imposed lightly merely because the legislature has not dictated

No. 55067-9-II

that judges conduct the same inquiry required for discretionary costs." *State v. Clark*, 191 Wn. App. 369, 376, 362 P.3d 309 (2015). We agree that this important policy should be broadly supported. Therefore, the superior court is free to strike the community custody supervision fee on remand.

Accordingly, we hold that the trial court did not err by imposing the supervision fee, but we remand for the trial court to amend Strickland's judgment and sentence to strike the DNA collection fee, to clarify that the interest accrual provision does not apply to nonrestitution legal financial obligations, and to consider whether to strike the community custody supervision fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Veljacic, J.

Price, J.

4