# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54903-4-II |
| Respondent, | |
| v. | |
| JASON DOUGLAS HOFF, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, A.C.J. — After Jason Hoff registered as a sex offender, officers were unable to verify the address he provided. He eventually moved and never updated the sheriff's office with his new residence. When Hoff was arrested for failure to register as a sex offender, officers found methamphetamine in his jacket pocket. Hoff was convicted of failure to register as a sex offender and unlawful possession of a controlled substance. He appeals, arguing that (1) in light of *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021), his unlawful possession of a controlled substance conviction should be vacated; (2) the trial court erred in admitting an exhibit that contained hearsay; and (3) the trial court erred in imposing the community custody supervision fee.

We hold that any error from the trial court's decision to admit Exhibit 1 was harmless. Accordingly, we affirm Hoff's conviction for failure to register as a sex offender. We reverse Hoff's unlawful possession of a controlled substance conviction and remand for the trial court to

vacate that conviction and for resentencing. At resentencing, the trial court must clarify whether it intended to impose the community custody supervision fee against Hoff.

FACTS

I. ADDRESS VERIFICATION AND ARREST

Hoff rented a room for the month of July 2019 at the Kerns Motel in Hoquiam. He went to the Grays Harbor County Sheriff's Office to register as a sex offender on July 12 and listed the motel's address. On July 24, Amy Heetland, the registered sex offender coordinator, asked the Hoquiam Police Department to verify Hoff's address. However, toward the end of July, Hoff was evicted from the motel. Officers made several unsuccessful attempts to locate Hoff at the Kerns Motel.

In January 2020, the Grays Harbor County Sheriff's Office received information that there was a man living in Moclips who was not properly registered as a sex offender. Deputies Nick Byron and Brandon Peterson went to the location, which included a shack and multiple trailers. Hoff answered the door to the shack and was arrested for failure to register. The deputies searched Hoff and found methamphetamine inside his jacket pocket.

Hoff was charged with failure to register as a sex offender and unlawful possession of a controlled substance under former RCW 69.50.4013(1) (2017).

II. TRIAL

At trial, witnesses testified to the above facts. Heetland explained that she sends local police departments a verification request, and she will know if the officers checked the address because they will return the form "with notated dates and times of attempts." Verbatim Report of Proceedings (VRP) at 95. During Heetland's testimony, the State offered Exhibit 1, which was

Hoff's address verification request form. Hoff objected to admission of the exhibit on the basis that it was hearsay, and the trial court overruled the objection.

Exhibit 1 contained two notes indicating that both Sergeants Shane Krohn and Jeremy Mitchell attempted to verify Hoff's address. Sergeant Krohn visited the motel on July 30, and he noted that Hoff had moved or was locked out of the room. Sergeant Krohn later testified that he wrote that down because "[t]he owner had put a – her own padlock on the outside of the room for nonpayment." *Id.* at 109. Sergeant Krohn stated that he went back to check the address "the next couple of days" but had not written these attempts on the verification request because he had already given the form to Sergeant Mitchell. *Id.*

After these unsuccessful attempts, Sergeant Mitchell tried to verify Hoff's address. On the verification form, he indicated that the room was vacant when he went on August 16. During his testimony, Sergeant Mitchell explained that he wrote this because the room contained only a bed and a television; "[t]here was no clothing, there was no personal items inside." *Id.* at 114. The State asked Sergeant Mitchell about his conversation with the owner of the motel, Un Suk Libby, but the court sustained Hoff's hearsay objection.

Hoff testified that, after he was evicted from the Kerns Motel, he knew that he had three days to find another residence and update his address to be in compliance with the sex offender registration requirements. He did not believe that he would be able to find a place to live within three days, so he walked to the Hoquiam Police Department to turn himself in on a felony warrant.[1] He believed that, if he was detained on the warrant, he would still be in compliance with his registration. However, Hoff was not detained at the station. Hoff's friend eventually picked him

---

[1] This warrant was apparently unrelated to Hoff's issues with registering as a sex offender.

up "and removed [him] from the area," and Hoff began living in Moclips. *Id.* at 161. He explained that he did not turn himself in during the following months because he had been involved in "a few incidents in town," and he was better off staying out of the area. *Id.*

On cross examination, Hoff conceded that he knew he could register at the sheriff's office without a residence, but he was trying to "take[ ] care of" his felony warrant before going to the sheriff's office because he would have been arrested "anywhere" he went. *Id.* at 167. He also said that he did not have his friend drive him to the sheriff's office because he had not been "accept[ed]" at the Hoquiam Police Department, and he "figured" that the sheriff's office would "be the same way." *Id.* at 170. He also said that his residence in Moclips was "off the grid" and did not have an address. *Id.*

### III. VERDICT AND APPEAL

The jury convicted Hoff on both counts and entered a special verdict that Hoff had previously been convicted of failure to register as a sex offender on at least two occasions.

Hoff's sentence included 36 months of community custody. After informing Hoff of the community custody component, the trial court stated, "[h]e's indigent, so I'm not going to impose any legal financial obligations. Those that are mandatory." *Id.* at 212. The court did not mention or strike the community custody supervision fee. Hoff's judgment and sentence included the community custody supervision fee under the section for community custody conditions.

Hoff appeals.

ANALYSIS

I. Unlawful Possession Conviction

Hoff argues, and the State concedes, that his unlawful possession of a controlled substance conviction should be vacated. We agree with the parties that Hoff's unlawful possession of a controlled substance conviction must be reversed and vacated.

While Hoff's appeal was pending, our supreme court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1), violated state and federal due process clauses and therefore was void. *Blake*, 197 Wn.2d at 195. "A conviction based on an unconstitutional statute must be vacated." *State v. LaBounty*, 17 Wn. App. 2d 576, 581, 487 P.3d 221 (2021). As Hoff was convicted of unlawful possession of a controlled substance under former RCW 69.50.4013(1), his conviction must be reversed and vacated.

II. Hearsay

Hoff argues that the trial court erred in admitting Exhibit 1 because it contained hearsay in the form of handwritten notations indicating that Hoff was not residing at the address he had provided law enforcement. The State argues that the exhibit was admissible either as a business record or a public record. We hold that it was error for the trial court to admit the exhibit, but any error from the admission of the exhibit was harmless.

A. Legal Principles

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). Hearsay is inadmissible unless the statement falls under an exception. ER 802. The statutory exceptions for both business records and public records require the document at issue to be an objective record.

*In re Detention of Coe*, 175 Wn.2d 482, 505, 286 P.3d 29 (2012). Police reports do not fall under either exception, and are thus inadmissible, because they "are a subjective summary of the officer's investigation." *Id.*

We review a trial court's evidentiary rulings for an abuse of discretion. *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997).

B. ANALYSIS

Here, the notations on the bottom of Exhibit 1 were out-of-court statements offered for their truth. The notes were the result of an investigation: the officers visited Hoff's reported address, spoke with Libby regarding Hoff's tenancy, and the notes were a subjective summary of their findings. Sergeant Krohn explained that he wrote down that Hoff was "locked out of room" because Libby had put a "padlock on the outside of the room for nonpayment." VRP at 109. In addition, Sergeant Mitchell said that he noted that the room was vacant because it contained only a bed and a television with no personal items. Sergeant Mitchell also asked Libby about Hoff's tenancy. Even if the verification request is not technically a police report, the notations by the sergeants on the form are "a subjective summary of [their] investigation" and, thus, are not admissible. *See Coe*, 175 Wn.2d at 505. Therefore, it was error for the trial court to admit Exhibit 1 over Hoff's objection at trial.

However, even if it was error for the trial court to admit Exhibit 1, the error was harmless. "An evidentiary error which is not of constitutional magnitude . . . requires reversal only if the

error, within reasonable probability, materially affected the outcome." *Stenson*, 132 Wn.2d at 709.[2]

Under this analysis, the court measures the admissible evidence of guilt against any prejudice caused by the inadmissible evidence. *State v. Acosta*, 123 Wn. App. 424, 438, 98 P.3d 503 (2004). The evidentiary error is harmless "if the evidence is of minor significance" compared to the evidence as a whole. *State v. Bourgeois*, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997).

Hoff asserts that "[t]he prosecution relied on Exhibit 1 as the principal evidence that Mr. Hoff was not residing at the address in question." Br. of Appellant at 8. However, the sergeants' testimony provided more information than was provided on the exhibit. Sergeant Krohn only made note of one visit on Exhibit 1, but he went back to try to verify the address "the next couple of days." VRP at 109. In addition, Hoff's own testimony indicated that he had been evicted from the motel by the end of July, and that he had attempted to turn himself in to the Hoquiam police on a warrant in order to comply with his reporting requirements. Hoff also testified that he did not go to the Grays Harbor County Sheriff's Office to update his registry even though he knew he did not need an address. The State did not need the notations at the bottom of the verification request in order to show the jury that Hoff was no longer residing at his reported address, so the admission of the exhibit did not materially affect the outcome of the trial. Therefore, the trial court's error in admitting Exhibit 1 was harmless.

---

[2] The State argues that, under a harmless error analysis, the court is to apply the "overwhelming untainted evidence" test. Br. of Resp't at 11. However, that test is used in evaluating whether a constitutional error is harmless. *City of Vancouver v. Kaufman*, 10 Wn. App. 2d 747, 754, 450 P.3d 196 (2019).

### III. COMMUNITY CUSTODY SUPERVISION FEE

Hoff argues that, because he is indigent and the trial court expressed that it only intended to impose mandatory LFOs, the trial court erred in imposing the community custody supervision fee. The State agrees that we should remand for the trial court to make a determination regarding the supervision fee. We accept the State's concession.

A defendant is required to pay the community custody supervision fee unless the court waives the fee. RCW 9.94A.703(2)(d). Because the supervision fee is not a cost under RCW 10.01.160(2), a trial court has the discretion to impose the supervision fee despite a defendant's indigent status. *State v. Starr*, 16 Wn. App. 2d 106, 109, 479 P.3d 1209 (2021).

However, in this case, the trial court made a remark that the State concedes is confusing and must be clarified. The court said: "[h]e's indigent, so I'm not going to impose any legal financial obligations. Those that are mandatory." VRP at 212. Because the community supervision fee is *mandatory unless waived*, it is simply unclear what the trial court intended to do with respect to the supervision fee. Thus, we accept the State's concession and, on remand, the trial court must clarify whether it intended to impose the community custody supervision fee.

### CONCLUSION

We affirm Hoff's conviction for failure to register as a sex offender. We reverse Hoff's unlawful possession of a controlled substance conviction and remand for the trial court to vacate that conviction. On remand, Hoff must be resentenced. At resentencing, the trial court must clarify whether it intended to impose the community custody supervision fee.

No. 54903-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

WORSWICK, J.

VELJACIC, J.