# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56225-1-II |
| Respondent, | (consolidated with No. 56231-6-II) |
| v. | |
| AMBER LYNN FITZGERALD, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.—In two separate incidents, Amber Lynn Fitzgerald assaulted three nurses and a hospital security guard. Under two separate cause numbers, the State charged her with three counts of third degree assault and one count of fourth degree assault.

At Fitzgerald's request, the trial court transferred her cases to drug court. As a condition of participating in drug court, Fitzgerald agreed to pay costs associated with the program and acknowledged that she would still owe those costs if she were terminated from drug court. The court entered two judgments imposing drug court costs as she entered the program.

After about a year and a half, Fitzgerald was terminated from drug court due to noncompliance. At the stipulated bench trial that followed, the trial court found her guilty of all four counts. At sentencing, the trial court entered two judgment and sentences, imposing two mandatory $500 crime victim penalty assessments and the $100 DNA collection fee. But the trial court did not revisit the drug court costs. After the sentencing, the trial court entered an order striking the $100 DNA collection fee because the parties and the court agreed that Fitzgerald

qualified for waiver under former RCW 9.94A.777 (2010) of nonmandatory, nonrestitution legal financial obligations based on a mental health diagnosis.

Fitzgerald appeals, arguing that the trial court should have revisited the drug court costs at sentencing and was required to conduct an individualized inquiry into her ability to pay them at that time. She also contends the trial court should have included in her judgment and sentence language preventing collection of legal financial obligations from Social Security income.

We conclude that Fitzgerald failed to appeal the judgments imposing the drug court costs, and she fails to establish that the trial court had an obligation to revisit previously imposed drug court costs during sentencing. However, when the trial court revisited Fitzgerald's legal financial obligations under former RCW 9.94A.777(1) postsentencing, it should have also reconsidered her drug court fee obligations at that time.

We remand for the trial court to revisit Fitzgerald's drug court fees in light of the parties' agreement under former RCW 9.94A.777. We reject Fitzgerald's contention that the judgment and sentences should be amended to add provisions about Social Security income.

FACTS

In July 2019, Fitzgerald was at a hospital when she punched one nurse and bit and spat on another. In August 2019, she spat on a third nurse and bit a security guard at the same hospital. The State charged her with two counts of third degree assault for the first incident and one count each of third and fourth degree assault for the second incident.

In February 2020, Fitzgerald petitioned to enter drug court for both cases. Fitzgerald filed two substantially identical agreements for entry into the drug court program, one for each cause number. The agreements stated that if Fitzgerald's treatment program was terminated, her cases

would "proceed directly to a bench trial." Clerk's Papers (CP) at 10, 191. The agreements also had a financial component: "Petitioner will pay all fees determined to be within [her] ability to pay. If [she] is removed from the program, all those fees are still due and owing." CP at 11, 192. Additionally, Fitzgerald filed two confession and stipulations for entry into the drug court program. In the first confession and stipulation, Fitzgerald admitted that in July 2019, she assaulted two nurses. In the second, Fitzgerald admitted that in August 2019, she assaulted a nurse and a security guard.

The same day, the trial court accepted Fitzgerald's petitions and transferred her cases to drug court. The trial court also entered two separate judgments against Fitzgerald for the costs of drug court participation. For the July 2019 assaults, the trial court imposed a $200 filing fee, a $100 "[c]ollector [f]ee," and a $775 drug court fee, totaling $1,075 in fees. CP at 19. For the August 2019 assaults, the trial court imposed a $200 filing fee and a $100 "[c]ollector [f]ee." CP at 200. However, it waived the $775 drug court fee. The total costs imposed in these two judgments amounted to $1,375. Neither party designated for our record any 2020 hearings regarding Fitzgerald's entry into drug court, so we do not know whether the trial court addressed her ability to pay at that time.

Fitzgerald was terminated from drug court due to noncompliance in September 2021. A stipulated bench trial followed. The trial court found Fitzgerald guilty of all charges. During sentencing, Fitzgerald's counsel stated, "I am going to assist Ms. Fitzgerald with following up with Social Security Disability, so we can hopefully assist her with that." Verbatim Rep. of Proc. (VRP) (Sept. 7, 2021) at 205. The trial court imposed two mandatory $500 crime victim penalty assessments on Fitzgerald and assessed a $100 DNA collection fee to one of the cases, stating that

it would "make no other imposition" of legal financial obligations. *Id.* at 207. Neither the parties nor the trial court mentioned drug court costs at sentencing or in the judgment and sentences.

Several weeks later, Fitzgerald's counsel explained that she and the prosecuting attorney agreed that "the DNA fee can be waived" under former RCW 9.94A.777 because Fitzgerald had mental health issues that prevented her from obtaining full employment. VRP (Oct. 15, 2021) at 212. The trial court agreed to waive the DNA collection fee. The trial court entered an order amending the judgment and sentence that contained the $100 DNA collection fee, removing the assessment of that fee. Thus, the judgment and sentences imposed only the mandatory $500 crime victim assessments, which at the time could not be waived under former RCW 9.94A.777.[1]

Fitzgerald appealed only the 2021 judgment and sentences. She did not appeal the 2020 judgments imposing drug court costs.

## ANALYSIS

### I. FAILURE TO REVISIT DRUG COURT COSTS AT SENTENCING

Fitzgerald argues that the trial court abused its discretion by failing "to conduct an individualized financial inquiry into" Fitzgerald's "current and future ability to pay" $1,375 in drug court costs. Appellant's Opening Br. at 6. Instead of challenging the judgments imposing drug court fees directly, Fitzgerald contends that the trial court should have revisited the drug court

---

[1] RCW 9.94A.777 was amended effective January 1, 2023. It now permits a court to waive the victim penalty assessment as well if the defendant satisfies the requirements set forth in that section. *Id.*

fees at sentencing or afterward when the trial court determined that the DNA collection fee could be waived under former RCW 9.94A.777 based on Fitzgerald's mental health issues.[2]

The State points out that Fitzgerald did not raise drug court costs during sentencing below or otherwise challenge them. The State also relies on Fitzgerald's agreement to pay drug court fees.

A.      RAP 2.5(a) Discretion

RAP 2.5(a) grants appellate courts discretion to review issues raised for the first time on appeal. *State v. Blazina*, 182 Wn.2d 827, 834-35, 344 P.3d 680 (2015). As the Washington Supreme Court has explained, legal financial obligations carry problematic consequences. *Id.* at 836-37. Here, we exercise our discretion under RAP 2.5(a) to address whether the trial court should have revisited drug court costs at sentencing or after sentencing when the trial court waived the $100 DNA collection fee under former RCW 9.94A.777.

---

[2] Fitzgerald cannot directly challenge the judgments imposing the drug court fees because she failed to include those orders in her notice of appeal. RAP 2.4(a) provides in part that "[t]he appellate court will, at the instance of the appellant, review the decision or parts of the decision designated in the notice of appeal," or other decisions in the case identified in later subsections of the rule. Relevant here, RAP 2.4(b) provides that "[t]he appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." An order "'prejudicially affects'" a later order if "the order appealed from would not have happened but for the first order." *See Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 380, 46 P.3d 789 (2002).

Here, Fitzgerald appealed only the 2021 judgment and sentences, which ultimately imposed only the $500 crime victim assessment. The 2020 judgments imposing drug court costs were not included in the text of the notices of appeal, nor were they attached as appealed orders. And the orders that Fitzgerald actually appealed—the judgment and sentences—would have occurred without the 2020 judgments imposing drug court costs. As a result, RAP 2.4(b) does not apply.

B.      Costs

A trial court "may require a defendant to pay costs," a subcategory of legal financial obligations. RCW 10.01.160(1); *see State v. Starr*, 16 Wn. App. 2d 106, 109, 479 P.3d 1209 (2021). Costs are limited to expenses incurred in prosecuting the defendant, administering a deferred prosecution program, or providing pretrial supervision. RCW 10.01.160(2). A trial court may impose costs prior to conviction only in limited circumstances, including upon entry into a deferred prosecution program. RCW 10.01.160(1).

A trial court "shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent." RCW 10.01.160(3); *see State v. Ramirez*, 191 Wn.2d 732, 748, 426 P.3d 714 (2018). A defendant is "indigent" under the statute if they receive certain forms of public assistance, are involuntarily committed to a public mental health facility, or have an annual income at or below 125 percent of the federal poverty level. RCW 10.101.010(3)(a)-(c). If the defendant is not "indigent" as defined, the trial court "shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose." RCW 10.01.160(3).

Before imposing discretionary costs, a trial court must make "'an individualized inquiry into the defendant's current and future ability to pay.'" *State v. Gouley*, 19 Wn. App. 2d 185, 206, 494 P.3d 458 (2021) (quoting *Blazina*, 182 Wn.2d at 838), *review denied*, 198 Wn.2d 1041 (2022). "An adequate inquiry involves, at minimum, a consideration of the effects of incarceration and other debts, as well as whether the defendant meets the GR 34 standard for indigency." *Id*. Additionally, the record must reflect that the trial court inquired into the defendant's employment history, income, financial resources, monthly living expenses, and other debts. *Id.*

6

Here, when the trial court required Fitzgerald to pay drug court fees, it was requiring her to pay costs under RCW 10.01.160. Drug court is "a specialized deferred prosecution." *State v. Colquitt*, 133 Wn. App. 789, 793 n.2, 137 P.3d 892 (2006). Thus, the fees are discretionary costs that required an individualized inquiry into Fitzgerald's indigency and ability to pay.

Here, neither party has designated for our record any verbatim report of proceeding that occurred in 2020 when the trial court imposed the drug court costs upon entry into the drug court program. Thus, even if we were able to review the 2020 judgments imposing the drug court costs, Fitzgerald has not shown that the trial court failed to consider indigency at that time.

Instead, Fitzgerald contends that the trial court should have revisited her indigency and the imposition of the drug court costs sua sponte at the time of sentencing after her drug court participation was terminated. But RCW 10.01.160(1) plainly allows courts to impose costs and evaluate indigency upon a defendant's entry into a deferred prosecution program. Fitzgerald does not cite to any authority establishing that a court must revisit at sentencing a prior judgment that imposed costs under RCW 10.01.160(1) when the defendant entered a deferred prosecution program.

However, it appears that several weeks postsentencing, all parties and the trial court agreed that Fitzgerald qualified for waiver of all nonmandatory, nonrestitution legal financial obligations under former RCW 9.94A.777 because of her mental health issues. Former RCW 9.94A.777(1) provides, "Before imposing any legal financial obligations upon a defendant who suffers from a mental health condition, other than restitution or the victim penalty assessment[,] . . . a judge must first determine that the defendant, under the terms of this section, has the means to pay such additional sums." A "defendant suffers from a mental health condition when" they have "been

7

diagnosed with a mental health disorder that prevents" them "from participating in gainful employment." Former RCW 9.94A.777(2). Specifically, the parties agreed that Fitzgerald had been diagnosed with a mental disorder that prevented her from obtaining gainful employment, the requirement for waiver under that statute, and that her legal financial obligations should be limited to the mandatory crime victim penalty assessment. As a result, the trial court entered an order amending the judgment and sentence and striking the $100 DNA collection fee.

When the trial court revisited the legal financial obligations previously imposed at sentencing based on the parties' agreement that former RCW 9.94A.777 applied, the parties and the court should also have revisited the previously imposed drug court fees. Although the State relies on Fitzgerald's agreement to pay drug court costs from when she entered drug court, that agreement was contingent on her ability to pay, and the former RCW 9.94A.777(1) waiver analysis also implicates a related consideration—whether she is capable of gainful employment. Therefore, we remand for the trial court to consider a similar order striking the judgments imposing drug court fees in light of the parties' agreement below about the application of former RCW 9.94A.777.

## II. SOCIAL SECURITY BENEFITS

Fitzgerald argues that the trial court erred by failing to expressly state in the judgment and sentences that legal financial obligations could not be paid with Social Security benefits. The State counters that Fitzgerald did not preserve this issue for appeal and that her "claim is not supported by sufficient evidence in the record." Resp't's Br. at 8. We agree with the State.

Under 42 U.S.C. § 407(a), "Social Security moneys cannot be reached to satisfy a debt." *State v. Catling*, 193 Wn.2d 252, 260, 438 P.3d 1174 (2019). But while the record shows that Fitzgerald planned to pursue Social Security benefits, it does not show whether she ultimately

began receiving them. Thus, the trial court did not err by not including provisions addressing Social Security benefits. If Fitzgerald receives income from Social Security benefits at a future date and the State attempts to collect in violation of 42 U.S.C. § 407(a), nothing prevents Fitzgerald from asking the trial court for relief from any improper attempts at collection at that time.

CONCLUSION

We remand for the trial court to consider striking the drug court costs in light of the parties' agreement that Fitzgerald qualified for waiver of nonmandatory and nonrestitution legal financial obligations under former RCW 9.94A.777.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Maxa, J.

Veljacic, J.